IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30825
Summary Calendar
_____

ROBERT N. CREAMER;
CREAMER BROTHERS, INC.,

                                        Plaintiffs-Appellants,

versus

LISA ANNETTE HICKS, also known
as Lisa Whitney; NELSON W. CAMERON,

                                        Defendants-Appellees.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 01-CV-1936)
_____
February 4, 2003

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    We affirm for the following reasons:

    1.  We essentially agree with the reasoning of the report and recommendation of

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge below. Specifically, we agree that appellant Creamer's complaint did not state a federal claim under FED. R. CIV. P. 60(b) for fraud on the court.

2. The magistrate judge did not err in taking judicial notice of the evidence presented in the related case. "Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996). A judge may take judicial notice of the record in a prior related proceeding over which he presided. See Santibanez v. Wier McMahon & Co., 105 F.3d 234, 240 (5th Cir. 1997); McDonald v. Blackburn, 806 F.2d 613, 621 (5th Cir. 1986); In re Corrugated Container Antitrust Litig., 752 F.2d 137, 143 (5th Cir. 1985).

3. The district court did not abuse its discretion in denying leave to amend, as Creamer does not persuade us that an amended complaint would have stated a federal claim. See Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980).

AFFIRMED.